**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHELANGELO DELFINO, et al.,

    Plaintiffs,

    v.

SUSAN BENJAMIN FELCH, et al.,

    Defendants.
_____/

No. C 05-2984 PJH

**ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS; AND REMANDING CASE**

    Before this court are defendants Felch and Zdasiuk's motion to dismiss and motion to strike.[1] Having read the papers and carefully considered the relevant legal authority, the court hereby GRANTS IN PART the motion to dismiss and sua sponte REMANDS the case, for the reasons that follow.[2]

## BACKGROUND

    In February 1999, defendants Felch, Zdasiuk, and two other people sued the pro per plaintiffs in this action, Delfino and Day, in state court (hereinafter referred to as "the underlying suit"). Felch, Zdasiuk, Delfino, and Day were former co-workers at Varian Associates, Inc., and Delfino was fired for allegedly harassing Felch. In the underlying suit, Felch and Zdasiuk alleged that Delfino and Day defamed them and Varian in Internet chat groups.

---

[1] Pursuant to Civ. L. R. 7-13, this order shall not be cited except as provided by Civ. L. R. 3-4(e).

[2] The court finds this motion appropriate for decision without oral argument as permitted by Civil L.R. 7-1(b) and Fed. R. Civ. P. 78. See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp., 933 F.2d 724, 729 (9th Cir. 1991) (holding that the court's consideration of the moving and opposition papers is deemed an adequate substitute for a formal hearing), cert. denied, 503 U.S. 920 (1992). Accordingly, the September 14, 2005 hearing date is hereby VACATED.

Felch and Zdasiuk prevailed in the underlying suit at trial and on appeal, but in March 2005, the California Supreme Court reversed, finding that the trial should have been stayed while the denial of Delfino and Day's anti-SLAPP motion was on appeal and thus the trial court had no jurisdiction over the trial of the underlying case. Delfino and Day's anti-SLAPP motion has since been denied, and the state court case remanded for retrial.

Delfino and Day (hereinafter, "Plaintiffs") then filed this lawsuit in San Mateo County Superior Court, alleging: malicious prosecution (pled as "wrongful use of civil proceedings"), abuse of process, intentional infliction of emotional distress, negligent infliction of emotional distress, intentional interference with prospective economic relations, conspiracy to harm plaintiffs, and violation of their federal civil rights pursuant to 42 U.S.C. § 1983. Felch and Zdasiuk (hereinafter, "Defendants") then removed the case to this court and now move for its dismissal.

## DISCUSSION

### A.   Legal Standard

A court should dismiss a claim under Fed. R. Civ. P. 12(b)(6) for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle the plaintiff to relief. See, e.g., Broam v. Brogan, 320 F.3d 1023, 1033 (9th Cir. 2003) (citations omitted). In evaluating a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. See, e.g., Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000) (citations omitted).

### B.   § 1983 Claim

The only federal cause of action pled arises under 42 U.S.C. § 1983, and provides the basis for the removal of the case to this court. Plaintiffs claim that their constitutional rights were violated because the defendants conspired with Judge Whyte in the Northern District of California and Judge Komar, "each of whom was acting in their capacity as government officials and in the performance of their official duties to enforce unconstitutional prior restraint

1  and injunctive relief that was overly, content based, and included non-parties." Neither judge is
2  named as a defendant in the complaint.

3  However, a § 1983 claim cannot be premised on judicial action, because judicial
4  action alone is not state action for the purposes of a § 1983 claim. <u>Schucker v. Rockwood</u>,
5  846 F.2d 1202, 1204-05 (9th Cir. 1988) ("the mere invocation of state judicial process does
6  not convert a private party's action into state action even if the plaintiff alleges a 'conspiracy'
7  between the private parties and the judge."). Plaintiffs readily admit that the judges' decisions
8  are the only basis for their § 1983 claim against defendants. <u>See</u> Opp. Br. at 16 ("Plaintiffs'
9  claim is merely a vehicle whereby Plaintiffs challenge the actions of certain misguided judges
10 and ascribe liability to Felch and Zdasiuk and their conspirators to deprive Plaintiffs their
11 constitutional rights."). Thus, the § 1983 claim fails as a matter of law, and its premise is such
12 that it would be futile to grant plaintiffs leave to amend. <u>See, e.g.</u>, <u>Steckman v. Hart Brewing,
13 Inc.</u>, 143 F.3d 1293, 1298 (9th Cir. 1998). The § 1983 claim is thus DISMISSED with
14 prejudice.

15     C.    Sua Sponte Remand

16 Here, the parties are not diverse, <u>see</u> Complaint ¶¶ 3-5, so the only basis for subject
17 matter jurisdiction in this court is federal question. With the dismissal of the § 1983 claim,
18 there are no other federal questions pending.

19 Defendants claim in their notice of removal that plaintiffs, have alleged, in addition to
20 the § 1983 claim, violations of their First Amendment rights in the context of their state law
21 claims. A federal court, however, has jurisdiction over "only those cases in which a well-
22 pleaded complaint establishes either that federal law creates the cause of action or that the
23 plaintiff's right to relief necessarily depends on resolution of a substantial question of federal
24 law." <u>Franchise Tax Board v. Construction Laborers Vacation Trust</u>, 463 U.S. 1, 27-28
25 (1983). Here, the plaintiffs do not in fact plead any First Amendment causes of action in the
26 complaint, and their alleged right to relief under the state law causes of action do not depend
27 on the resolution of any First Amendment questions. There is thus no federal subject
28

3

jurisdiction over the remaining state law claims in the complaint.

A court may decline to exercise supplemental jurisdiction over state law claims and sua sponte remand a case if no independent basis for subject matter jurisdiction exists after the dismissal of the federal claims. 28 U.S.C. § 1367(c)(3); 28 U.S.C. § 1447(c); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350-51 (1988). But cf. Kelton Arms Condo. Owners Ass'n, Inc v. Homestead Insurance Co., 346 F.3d 1190, 1992 (9th Cir. 2003) (waivable defects in removal, unlike lack of subject matter jurisdiction, may not be dismissed sua sponte). Thus, this court declines to reach the merits of the remainder of the arguments in the motion to dismiss or the special motion to strike pursuant to the anti-SLAPP statute, and the case is sua sponte REMANDED to San Mateo County Superior Court.

This order fully adjudicates the matter listed at nos. 8 and 11, and all other pending matters on the clerk's docket for this case. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September 9, 2005

_____
PHYLLIS J. HAMILTON
United States District Judge